# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| JCM NORTHLINK, LLC, a Washington Limited Liability Company,<br><br>           Plaintiff,<br><br>     v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY, a foreign insurance company,<br><br>           Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES<br><br>**JURY DEMANDED** |

Plaintiff JCM Northlink, LLC ("JCM") alleges as follows:

## I.     PARTIES

1.     JCM is a Limited Liability Company organized under the laws of Washington. JCM's members are Jay Dee Contractors, Inc., Frank Coluccio Construction Company, and Michels Corporation.

2.     Jay Dee Contractors, Inc. is a corporation organized under the laws of Michigan with its principal place of business in Michigan.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 1

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

3. Frank Coluccio Construction Company is a corporation organized under the laws of Washington with its principal place of business in Washington.

4. Michels Corporation is a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin.

5. On information and belief, Defendant Westchester Fire Insurance Company is an Insurance Business Corporation formed under the laws of Pennsylvania with its principal place of business in Pennsylvania.

## II.   JURISDICTION & VENUE

6. This Court has personal jurisdiction over Defendant Westchester in part because Westchester transacts business within Washington and contracts to insure persons, property, or risks located in Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

7. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because JCM and Westchester are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because Westchester is subject to the Court's personal jurisdiction with respect to this action.

## III.   THE POLICY

9. As part of an Owner Controlled Insurance Program, Westchester issued commercial general liability insurance policy number G24347941 to Central Puget Sound

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 2

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

Regional Transit Authority ("Sound Transit") with a policy period of December 31, 2012 to December 31, 2021 ("the Policy").

10. The Policy obligates Westchester to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

11. The Policy insures persons and organizations "[a]s required by written contract, provided contract was signed by both parties prior to a loss."

12. The Policy provides $1,000,000 in per occurrence limits, and contains a $100,000 per occurrence deductible.

## IV.   FACTS

13. In the spring of 2013, JCM contracted with Sound Transit to build the Sound Transit Northgate Line Extension Project ("the Project"). The Project involves boring two parallel tunnels for the link light rail, connecting the Northgate, Roosevelt, and University District neighborhoods.

14. JCM operated the tunnel boring machines for the Project.

15. JCM's contract with Sound Transit requires JCM to be insured under Sound Transit's Owner Controlled Insurance Program.

16. JCM's contract with Sound Transit requires contractors and subcontractors to "[r]estore and bear the cost of restoration of any public or private improvement, facility, structure or land and landscaping inside or outside of the right-of-way or easement, which is damaged or injured directly or indirectly by or on account of an act, omission, or neglect in the execution of the Work"

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 3

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

17. JCM's contract with Sound Transit also requires contractors and subcontractors, upon recognition of a potential claim, to "take whatever reasonable steps are necessary to . . . mitigate the loss, and protect undamaged property."

18. On or about May 1, 2016, a sinkhole was discovered at least 80 feet above the southbound tunnel at approximately 6211 12th Avenue NE in Seattle, Washington.

19. In response, Sound Transit directed JCM to drill numerous boreholes in the surrounding areas.

20. The purpose of these initial boreholes was to confirm that ground conditions beneath the houses had not been compromised by the ground loss that led to the sinkhole.

21. Where compromised ground was discovered, JCM injected grout into the borehole to stabilize the ground.

22. After conducting additional analysis and evaluation of tunnel operation and monitoring data, Sound Transit identified other nearby areas with similar signatures to those recorded where the sinkhole was found, and required JCM to drill additional boreholes to confirm the ground conditions at those locations had not been compromised.

23. JCM became obligated to incur unreimbursed expenses in excess of $785,000 because of the sinkhole.

24. In the fall of 2016, JCM presented a claim to Westchester for damages arising out of the sinkhole ("the Claim").

25. In or around November 2016, Westchester retained third party administrator, ESIS to administer the Claim.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 4

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

26. ESIS retained a forensic engineering consultant, Rimkus Consulting Group, to investigate and determine the cause of the sinkhole.

27. In December 2016, JCM presented Westchester with documentation supporting its damages arising out of the sinkhole as of that date.

28. In January 2017, ESIS retained Norcross, an independent property adjuster, to review and evaluate the documentation submitted by JCM.

29. On February 7, 2017, Westchester informed JCM that it was closing the Westchester file, stating that "it appears the damages associated with this matter do not present exposure above the insured's deductible."

30. On February 21, 2017, JCM asked ESIS for an explanation, given that JCM had submitted costs in excess of $700,000.

31. In a letter dated February 23, 2017, Norcross provided ESIS with what Norcross called "REPORT #1," in which Norcross recommended a net adjustment of $19,303.61, claiming that was the amount "specifically . . . related to the physical damage of the initial sinkhole."

32. On February 24, 2017, Westchester (through ESIS) provided JCM with the Norcross report and explained that JCM's "exploratory drilling" is "not considered 3rd party property damage."

33. Neither Norcross's February 23 letter nor ESIS's February 24 email contained any reference to specific policy language.

COMPLAINT FOR DECLARATORY RELIEF AND
DAMAGES - 5

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

34. By letter dated August 17, 2017, JCM demanded an explanation of the basis in the insurance policy in relation to the facts or applicable law for Westchester's denial of its claim.

35. In a letter dated September 8, 2017, Westchester provided its coverage determination, denying the Claim.

36. In its September 8 letter, Westchester acknowledged that "the sinkhole itself" qualified as "property damage" caused by an "occurrence."

37. Westchester reiterated its position that only $19,303.61 was "associated with the 'repair' of the sinkhole."

38. Westchester referred to the exploratory and investigative drilling as "preventive measures," which—according to Westchester—are not "damages the insured is legally obligated to pay because of 'property damage' caused by an 'occurrence.'"

## V. CAUSES OF ACTION

### COUNT I
### Declaratory Relief

39. JCM re-alleges the preceding paragraphs as though fully set forth herein.

40. An actual controversy exists between JCM and Westchester as to the rights and obligations of the parties under the Policy pursuant to applicable statutes, rules, and common law.

41. The declaratory relief sought includes, but is not limited to, declarations that: (a) Westchester has a duty to indemnify JCM for expenses incurred because of the sinkhole; (c) Westchester breached its duty to pay JCM's claim; (d) Westchester's coverage denial was

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 6

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

unreasonable, frivolous, or unfounded; and (e) by virtue of Westchester's acts, omissions, and breaches, JCM is excused from all conditions allegedly imposed by the Policy.

## COUNT II
## Breach of Contract

42. JCM re-alleges the preceding paragraphs as though fully set forth herein.

43. JCM is an insured under the Policy, and therefore a contractual relationship exists between JCM and Westchester.

44. Under the provisions of the Policy, Westchester was obligated to indemnify JCM for damages incurred because of the sinkhole.

45. Westchester materially breached its contractual obligation to indemnify JCM under the Policy.

46. Westchester's breach caused harm to JCM.

## COUNT III
## Violation of RCW 48.30.015 – Washington's Insurance Fair Conduct Act

47. JCM re-alleges the preceding paragraphs as though fully set forth herein.

48. JCM is a first party claimant to the Policy within the meaning of RCW 48.30.015(4) and WAC 284-30-320(6).

49. Westchester unreasonably denied a claim for coverage or payment of benefits by refusing to pay the Claim.

50. Westchester violated WAC 284-30-330, WAC 284-30-350, and WAC 284-30-380, and thus violated RCW 48.30.015(5), by, among other things: (a) misrepresenting pertinent facts or insurance policy provisions; (b) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (c) refusing to pay claims without conducting a reasonable investigation, (d) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 7

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

law for denial of a claim or for the offer of a compromise settlement, (e) failing to fully disclose to a first party claimant all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented, and (f) failing to notify JCM within fifteen working days whether the claim had been accepted or denied and denying the Claim without reference to specific policy provisions, conditions, or exclusions.

51. Westchester's violation of RCW 48.30.015 caused harm to JCM in an amount to be proven at trial.

52. On January 3, 2018, JCM provided Westchester and the Office of the Insurance Commissioner with written notice of his intent to bring a cause of action under RCW 48.30.015.

53. More than 20 days have passed since JCM provided its RCW 48.30.015 notice to Westchester, and Westchester has failed to resolve the basis for the action.

## COUNT IV
### Consumer Protection Act

54. JCM re-alleges the preceding paragraphs as though fully set forth herein.

55. The business of insurance is one affected by the public interest under RCW 48.01.030.

56. Westchester's violations of WAC 284-30-330 constitute unfair or deceptive acts or practices occurring in trade or commerce in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

57. Defendants' violation of the Washington's Consumer Protection Act caused injury to Plaintiff's business or property in an amount to be proven at trial.

## COUNT V
### Bad Faith

58. JCM re-alleges the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 8

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

59. Under <u>Tank v. State Farm Fire & Cas. Co.</u>, 715 P.2d 1133 (Wash. 1986), RCW 48.01.030, and other applicable Washington law, Westchester owed a duty to act in good faith toward JCM.

60. Westchester breached that duty of good faith, causing harm to JCM in an amount to be proven at trial.

## COUNT VI
**Negligence**

61. JCM re-alleges the preceding paragraphs as though fully set forth herein.

62. Westchester had a duty to use ordinary care in investigating JCM's claim for coverage under the Policy.

63. Westchester failed to use ordinary care in investigating JCM's claim for coverage under the Policy and negligently denied JCM's claim.

64. Westchester's negligence caused harm to JCM in an amount to be proven at trial.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For declaratory relief consistent with the pleadings herein;

2. For an award of all money damages legally available as a result of the Westchester's acts, omissions, or breaches;

3. For an award of treble damages as authorized by RCW 19.86.090 and RCW 48.30.015(2);

4. For an award of reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, as authorized by RCW 48.30.015(3), RCW 19.86.090,

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 9

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

and pursuant to Olympic Steamship Co., Inc. v. Centennial Ins. Co., 811 P.2d 673 (Wash. 1991), and other applicable law;

    5.    For an award of pre- and post-judgment interest, as applicable; and

    6.    For such other further relief as the Court deems just and equitable.

## VII.  JURY DEMAND

Plaintiff demands a trial by jury in accordance with Fed. R. Civ. P. 38.

DATED this 9th day of March 2018.

                HARPER | HAYES PLLC

By: s/ *Gregory L. Harper*
     Gregory L. Harper, WSBA No. 27311
     s/ *Charles K. Davis*
     Charles K. Davis, WSBA No. 38231
     600 University Street, Suite 2420
     Seattle, WA 98101
     **Tel**.   206.340.8010
     **Fax**.   206.260.2852
     **Email**: greg@harperhayes.com
              cdavis@harperhayes.com
     Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES - 10

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852